UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DORSEY MOWMAN, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 4:09-CV-872 (CEJ) |
| GATEWAY HOTEL HOLDINGS d/b/a The Millennium Hotel, | ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to remand the action the Twenty-Second Judicial Circuit Court of Missouri (City of St. Louis) from which it was removed.

On April 20, 2009, plaintiff Dorsey Mowman filed this action in the St. Louis City Circuit Court, alleging that she slipped and fell while an invitee at the Millennium Hotel. On June 5, 2009, defendant Gateway Hotel Holdings removed the matter to this Court, asserting jurisdiction on the basis of diversity of citizenship. See 28 U.S.C. §§ 1332, 1441(a). Plaintiff is a citizen of Kentucky; defendant is incorporated in Delaware and maintains its principal place of business in Colorado. Plaintiff now seeks remand, arguing that the Court lacks jurisdiction because the amount in controversy does not exceed $75,000. In support of her motion, plaintiff submits a stipulation that the amount of damages claimed in her action "is and forever will be less than $75,000.00, exclusive of interest and costs."

## Discussion

Any civil action brought in a state court of which the district courts have original jurisdiction may be removed to the proper district court. 28 U.S.C. § 1441(a). In the event that the federal court determines it does not have subject-matter jurisdiction

over a removed action, it must remand the action to the state court where it originated. § 1447(c). Removal statutes are strictly construed, and any doubts about the propriety of removal must be resolved in favor of remand. In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993). As the party invoking jurisdiction, defendant has the burden of establishing that all prerequisites to jurisdiction have been satisfied. Id.; Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969). In determining whether removal was proper, the Court must look to the plaintiff's pleadings at the time of removal. Pullman Co. v. Jenkins, 305 U.S. 534, 537-38 (1939). The basis for federal jurisdiction must be apparent from the face of the plaintiff's properly pleaded complaint. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).

The Court's jurisdiction in the instant case is premised on diversity of citizenship, which requires that the amount in controversy exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). In her complaint, plaintiff alleges that she "was caused to suffer and sustain severe and disabling injuries and has and will be in the future be caused to obtain medical treatment and has been and will in the future be caused to refrain from her normal pursuits." In her prayer for relief, plaintiff seeks damages in an amount greater than $50,000.

The Supreme Court held in St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283 (1938), that a plaintiff may prevent removal by committing to accept less than the federal jurisdictional amount. By the time a case arrives in federal court, however, it is too late for the plaintiff to foreclose federal jurisdiction by agreeing to collect less than the jurisdictional amount. Id. at 292-93. The rule from St. Paul Mercury has "consistently been applied to cases in which the [complaint] at the time of the removal expressly stated a claim in excess of the jurisdictional amount, and

therefore, removal jurisdiction had already attached." Halsne v. Liberty Mut. Group, 40 F. Supp. 2d 1087, 1090 (N.D. Iowa 1999).

In this case, however, the complaint did not expressly state a claim in excess of the jurisdictional amount, and plaintiff now stipulates that her damages do not exceed $75,000. Where state law prohibits plaintiffs from specifying damages in their state court complaints, several courts have indicated a willingness to consider a post-removal stipulation to determine whether jurisdiction has attached, so long as the stipulation can be considered as clarifying rather than amending an original pleading. See Meritcare, Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217-18 (3rd Cir. 1999); Chase v. Shop 'N Save Warehouse Foods, Inc., 110 F.3d 424, 429 (7th Cir. 1997); Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia v. Dow Quimica de Colombia S.A., 988 F.2d 559, 565 (5th Cir. 1993), cert. denied, 510 U.S. 1041 (1994).

Missouri Rules of Civil Procedure 55.05 and 55.19 prohibit the pleading of a specific amount in controversy. In the instant case, plaintiff's state court complaint contained a prayer for "damages in excess of $50,000." The Court finds that plaintiff's stipulation clarifies, rather than amends, a jurisdictional question previously left ambiguous in her complaint. As such, plaintiff's post-removal stipulation as to the amount in controversy can be considered to decide whether jurisdiction has attached.

The Court finds that the language of the stipulation is sufficient to protect all parties in interest. Furthermore, in determining whether removal was proper, the Court must look to the plaintiff's pleadings at the time of removal. Pullman, 305 U.S. at 537-38. The injuries alleged in plaintiff's complaint are not ones that are facially likely to meet the jurisdictional amount. In addition, as the party invoking jurisdiction, defendant has the burden of establishing that all prerequisites to jurisdiction have been

satisfied. Hatridge, 415 F.2d at 814. Although defendant states that the amount in controversy has been met, the defendant has not established this amount by a preponderance of the evidence. Thus, the Court finds that jurisdiction was lacking at the time of removal.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand [#12] is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall remand this action to the Twenty-Second Judicial Circuit Court of Missouri (City of St. Louis) from which it was removed.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of October, 2009.